UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA VALDEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF WOODLAKE, et al.,<br><br>        Defendants.<br>_____<br>SUSANNA LUCIA ORDONEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF WOODLAKE, et al.,<br><br>        Defendants.<br>_____ | 1:05-cv-00326-AWI-SMS<br>1:05-cv-01025-AWI-SMS<br><br>ORDER GRANTING PLAINTIFF'S MOTION<br>TO CONSOLIDATE CASES 1:05-cv-<br>00326-AWI-SMS AND 1:05-cv-01025-<br>AWI-SMS FOR ALL PURPOSES<br><br>ORDER DIRECTING THE CLERK<br>TO CLOSE ACTION NUMBER 1:05-cv-<br>01025-AWI-SMS<br><br>ORDER DIRECTING THE PARTIES TO<br>FILE IN THE FUTURE ALL DOCUMENTS<br>IN ACTION NUMBER 1:05-cv-00326-<br>AWI-SMS |

    Plaintiff Sandra Valdez moves to consolidate her case, action number 1:05-cv-00326-AWI-SMS, with action number 1:05-cv-01025-AWI-SMS by motion filed on December 28, 2005, in action number 1:05-cv-00326-AWI-SMS, which was accompanied by a memorandum, declaration, and exhibit consisting of a preliminary hearing transcript. Defendant City of Woodlake filed opposition on January 24, 2006, in action number 1:05-cv-00326-AWI-SMS, including a memorandum, declaration, and exhibit. Plaintiff filed

1

a reply on February 1, 2006. No opposition or notice of non-opposition was received from Defendant Williams, although the electronic proof of service indicates that the motion was served on Williams' counsel. By separate order the Court has vacated the hearing on the motion and deemed the matter submitted for decision.

I. <u>Background</u>

In action number 1:05-cv-00326-AWI-SMS, Plaintiff Sandra Valdez alleges in the second amended complaint filed on August 17, 2005, claims against Defendant Richard Williams, formerly a Woodlake police officer, and his former employer, the police department and city of Woodlake[1], including violation of 42 U.S.C. § 1983 (unreasonable search and seizure under the Fourth and Fourteenth Amendments); Cal. Const., art. I, § 13 (unreasonable search and seizure); intentional infliction of emotional distress; negligent infliction of emotional distress; false imprisonment; sexual battery; Cal. Civ. Code § 52.1; negligence; and Cal. Civ. Code § 52.4 (gender violence). It is alleged that the defendants acted pursuant to city policy and custom, and that Defendant City negligently hired, trained, and supervised Defendant Williams regarding detention and searching of suspects. Plaintiff seeks general, punitive, and statutory damages.

In action number 1:05-cv-01025-AWI-SMS, Plaintiff Susanna Lucia Ordonez sues Defendants Williams, Woodlake Police

---

[1] Defendant states that it was erroneously sued as the Woodlake Police Department. The docket lists the Tulare County District Attorneys Office as a party defendant, but it does not appear that this party has been served or has appeared in the action.

2

1  Department, and the City of Woodlake, asserting the same type of
2  claims as in the <u>Valdez</u> action except that there is no sexual
3  battery claim in the <u>Ordonez</u> action. The allegations in <u>Ordonez</u>
4  contain additional factual allegations, consisting of references
5  to the previous unreasonable search of Plaintiff Valdez,
6  notification to the Defendant City of the Valdez claim, and
7  Defendant City's failure to correct the problem. Plaintiff
8  Ordonez seeks the same type of relief as Plaintiff Valdez.

9      In the two answer filed by Defendant Williams, Defendant
10 denied many of the factual allegations but admitted that
11 Defendant Williams was acting in the course and scope of his
12 employment; Defendants asserted defenses of justification and
13 probable cause; justification based on various bases, including
14 Cal. Pen. Code § 836, Cal. Health & Saf. Code § 11550 (<u>Valdez</u>),
15 Cal. Veh. Code § 22351 (<u>Ordonez</u>),[2] privilege and public or
16 private necessity, and the need to effectuate a lawful detention
17 and arrest; absolute federal immunity; qualified immunity;
18 immunity under Cal. Govt. Code sections 820.2, 820.4, 820.6,
19 802.8, 821 and Penal Code sections 836 and 847; reasonable belief
20 in lawful conduct; failure to state a claim; unclean hands;
21 laches; estoppel; failure to mitigate damages; statute of
22 limitations; Plaintiff's sole fault; wilful misconduct, and fault
23 and misconduct of others. Defendant Woodlake's answers both deny
24 that Defendant Williams acted in the course and scope of his
25 employment; Woodlake asserts, among other defenses, absolute and

---

[2] The only distinction between the sets of defenses asserted in the two cases is the different specific statutes upon which the claim of justification is based.

1 qualified immunities, some of the same statutory immunities,
2 assumption of the risk, failure of Plaintiff to mitigate, and
3 statute of limitations.

4     As to the facts, according to the complaints and the
5 transcript of the preliminary hearing (Tr.) in the state criminal
6 case against Defendant Williams, lodged by Plaintiff Valdez, both
7 cases involved threats by Defendant Williams before undertaking a
8 search, searches that were not situated to be recorded by police
9 video equipment, searches which commenced as searches concerning
10 one thing (stolen property in Valdez's case and a traffic
11 violation in Ordonez's case) but progressed into searches for
12 narcotics and associated evidence, searches of vaginal areas
13 and/or breasts of female persons in sites other than a police
14 facility by the male officer, threatening statements by the
15 officer apparently designed to induce the females not to seek to
16 have a female officer undertake the searches, and inappropriate
17 comments by the officer.

18     Valdez's search occurred on May 26, 2004, in her bedroom.
19 (Tr. 158-9.) Plaintiff Valdez testified at the preliminary
20 hearing that she had had previous contact with Defendant Williams
21 on several occasions; once he helped her put transmission fluid
22 in her car when her vehicle was not registered and then followed
23 her home; once he arrested her boyfriend at her house and then
24 returned to apologize to her about it; once he gave her two sons
25 Easter baskets and then called later to identify himself as the
26 donor; and once he jokingly approached her about her registration
27 being expired. On May 26, 2004, Defendant Williams arrived in
28 connection with an investigation of stolen property, which had

been found in Plaintiff's car during a time that Plaintiff was not using it. Plaintiff Valdez told him that she had not used drugs for two days and did not have any. While the two were alone in her bedroom, the officer searched inside her overalls, had her disrobe, spread her labia, and squat; he opened her vagina with his fingers. She was arrested by another officer twenty minutes later for being under the influence. The charges were dismissed. (Tr. 158-292.)

Ordonez's search occurred on August 20, 2004 between Williams' patrol car and a house after Defendant Williams effected a traffic stop of a vehicle driven by Ordonez's fiancé and in which Ordonez was a passenger (Tr. 7, 10.) Williams said he wanted to search for drugs because Ordonez had made hand movements during the stop. He administered a field sobriety test, ascertained she was wearing no underwear, looked down her front with a flashlight when she pulled her waistband out at his instruction, patted the waistband, put two fingers in the waistband, appeared to see her private part, mentioned tattoos located close to the line of her pubic hair, and told her he was going to give her a break and would not give them a ticket. (Tr. 13-17.)

Another set of potential witnesses consists of women who were also stopped and searched by Defendant Williams on the night of August 20, 2004, or at about 3:00 a.m. on August 21, 2004, namely Cassandra Minchew, Trisha Simons, Kristin Buik, Jessica Saleh, and Jaylyn Johnson. Minchew testified at the preliminary hearing regarding a traffic stop, which developed into roadside sobriety tests and a search for drugs involving making Minchew

5

shake out her bra and unzip her pants, shining a flashlight down Minchew's waistband and touching her with his finger while moving her panties to the side in front, exposing her pubic hair, ultimately inspecting her bare breast with a flashlight and then commenting that it was interesting, and asking her not to mention it to anyone. No citation or ticket was given. (Tr. 36-80.) Simons gave similar testimony with respect to having to shake out her bra and pull out her waistband so that the officer could look down inside her pants and inside her underpants. (Tr. 81-91.) Saleh gave similar testimony regarding shaking her bra and having the officer touch her when he was manipulating her waistband. (Tr. 97-114.) Johnson testified to shaking her bra out and manipulating her overalls and underwear for the officer, but not being touched. (Tr. 115-35.) Buik testified to a similar search, and the officer's touching her a couple of inches below her navel. (Tr. 135-57.)

II. <u>Consolidation</u>

Fed. R. Civ. P. 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

A trial court has broad discretion to consolidate in whole or in part cases pending in the same district. <u>Investors Research Co. v. United States District Court for the Central District of California</u>, 877 F.2d 777 (9th Cir. 1989). However, it is necessary that the actions have a common question of law or fact. <u>Enterprise Bank v. Saettele</u>, 21 F.3d 233, 235 (8th Cir. 1994).

6

The purpose of consolidation is not only to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures, but also to avoid inconsistent adjudications. E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998). Consolidation is inappropriate if it leads to inefficiency, inconvenience, or unfair prejudice to a party. Fed. R. Civ. P. 42(b). The Court should weigh the interests of judicial convenience against any potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc. v. Triple A Machine Shop, Inc. 720 F.Supp. 805, 807 (N.D. Cal. 1989).

    Here, the claims in the two suits are exactly the same legal claims except that a claim for sexual battery is present in the Valdez suit; the defendants are the same; and the defenses are substantially the same. Both suits thus involve common issues of law, for example, the reasonableness of a male officer's searches of females involving intrusions of similar but slightly varying extents; the Defendants' intentions; the reasonableness of Defendant Williams' conduct and of Defendant City's training, hiring, and supervision of Defendant Williams; scope of employment; justification; immunity; and so forth.

    The cases also present common questions of fact, such as Defendant Williams' intent. Plaintiff argues, and Defendant does not dispute, that evidence regarding the two (or perhaps three) different search scenarios will be cross-admissible on the issue of intent, an element of the intentional torts alleged in both cases.

    Consolidation of the actions will reduce expenditure of

resources by the Court and the parties.

Defendant objects that the searches are widely divergent in their characteristics, that Plaintiff Valdez had previous contact with Defendant Williams whereas Plaintiff Ordonez did not, Plaintiff Valdez was arrested later while Ordonez was not, and only Plaintiff Valdez alleges sexual battery, an intentional tort. The Court finds that these distinctions are slight factual differences that do not disturb what are otherwise two cases presented common legal issues and common as well as similar questions of fact.

Defendant objects that the jury will be confused by the presence of a sexual battery claim in one case but not in the other. However, the legal issues presented by such a claim appear to be straightforward; it does not appear that there would be a likelihood of confusion or that clearly instructing the jury would not suffice to separate the issues for consideration. Cf. Southwest Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F.Supp. 805, 807 (N.D.Cal. 1989). Defendants argue that they will suffer prejudice, citing United States v. Kanuer, 149 F.2d 519 (7th Cir. 1945 (approving consolidation of many actions against separate defendants for fraudulent acquisition of a certificate of naturalization where there were common issues arising from the fact that all defendants were members of the German-American Bund); Tucker v. Arthur Anderson & Co., 73 F.R.D. 316 (D.C.N.Y. 1976) (disapproving consolidation of an action against an accounting firm to recover for alleged securities violations with an action brought by purchasers of debt securities of corporation's wholly owned subsidiary against same accounting

8

firm where in addition to different issues of materiality, there was a strong possibility of prejudice to a party due to delay which would be required in one of the actions, and additional confusion would arise because a jury demand had been made in only one action); and <u>Arroyo v. Chardon</u>, 90 F.R.D. 603 (D. Puerto Rico 1989) (declining to consolidate nine cases involving separate claimants, all of whom alleged they had been demoted from supervisory positions within the department of education for political reasons, despite similarity of legal issues because of possible prejudice to the defendants due to differences in each plaintiff's factual circumstances, the number of witnesses, the number of cases, and the absence of any appreciable saving of time or expenses). Here, there are fewer factual differences, plaintiffs, and factual situations; the law is not particularly complex. There is no significant risk of undue prejudice or confusion. The two cases are both at early stages of development, and both appear to involve jury demands. Significant savings of resources would result from consolidation.

The Court exercises its discretion to grant Plaintiff's motion for consolidation.

III. <u>Procedure</u>

Generally a motion to consolidate involves noticing the consolidation motion in all cases sought to be consolidated. Plaintiff here filed a notice of motion only in the <u>Valdez</u> case. However, it is clear that the motion is intended to affect both cases; further, all parties have received notice of the motion. No party has objected to the form of the motion. Further, the Court may grant consolidation of actions on its own motion. <u>In re</u>

9

Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir.1987). Therefore, plaintiff's procedural deviation should not prevent consolidation.

### IV. Disposition

Accordingly, it IS ORDERED that

1) Plaintiff's motion to consolidate actions number 1:05-cv-00326-AWI-SMS AND 1:05-cv-01025-AWI-SMS for all purposes IS GRANTED, and the actions ARE CONSOLIDATED for all purposes; and

2. The parties ARE DIRECTED TO FILE all future papers in action number 1:05-cv-00326-AWI-SMS with a caption of Valdez v. City of Woodlake, et al.; and

3. The Clerk of Court IS DIRECTED to file all future papers in action number 1:05-cv-00326-AWI-SMS, and to close action number 1:05-cv-01025-AWI-SMS.

IT IS SO ORDERED.

**Dated:   February 8, 2006**            /s/ Sandra M. Snyder
icido3                                           UNITED STATES MAGISTRATE JUDGE