IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA VALDEZ,<br><br>                    Plaintiff,<br><br>vs.<br><br>CITY OF WOODLAKE, WOODLAKE POLICE DEPARTMENT, RICHARD WILLIAMS, individually, and in his official capacity as Police Officer for the City of Woodlake Police Department, et al.,<br><br>                    Defendants. | 1:05-cv-00326-AWI-SMS<br><br>**ORDER RE: DISCOVERY OF INFORMATION FROM OFFICER RICHARD WILLIAMS' PERSONNEL FILES REVIEWED *IN CAMERA***<br>(Docs. 39 & 47) |

Plaintiff's motion to compel the Tulare County District Attorney's Office to comply with subpoena duces tecum pursuant to FRCP Rule 45 (doc. 39) came on regularly for hearing on December 16, 2005 at 9:30 a.m. in Courtroom No. 4 before the Honorable Sandra M. Snyder, United States Magistrate Judge.  Peter N. Kapetan, Esq., of Kapetan & Kapetan appeared on behalf of plaintiff.  Leonard C. Herr, Esq., of Dooley & Herr, LLP, appeared on behalf of defendant, Richard Williams.  Deputy County Counsel Teresa M. Saucedo appeared for non-party but interested entity, the Tulare County District Attorney's Office.

1

Counsel met in chambers with the Court and resolved most of the disputes as set forth in plaintiff's motion.  The resolutions and what remained as conflict were stated on the record at the conclusion of the informal discovery dispute conference (doc. 47). The record made in open court shall serve as the Order regarding plaintiff's motion except for that set forth below, which is the result of this Court's *in camera* review of all of Officer Richard Williams' personnel files, left with the Court at the conclusion of the hearing herein.[1]

The following documents are ORDERED copied and produced to plaintiff's counsel, the City of Woodlake, and Officer Richard Williams in accordance with the Stipulated Protective Order Re: Confidential Information, signed by the Court and filed on January 19, 2006 (doc. 50):

    A.    Psychological Recommendation of 12-09-02;

    B.    Psychological Recommendation of 09-10-03;

    C.    Pre-Employment Background Investigation Report, 9-11-03;

    D.    Background Contact Sheets, Nov. 2002;

    E.    Memo Terminating Background Investigation, 12-16-02;

    F.    Notice of Termination, 8-24-04;

    G.    Letter of Termination, 8-23-04;

    H.    Memo from Chief Zapalac re: Expectations, 10-05-03;

    I.    Employee Evaluation, 4-22-04.

//

/

---

[1] The Court, once again, notes her appreciation to Attorney Saucedo for the very helpful file markings and organization of the records, prepared, as understood, by Ms. Saucedo herself.

1    Other files/documents reviewed but not ordered produced
2 include medical history and exam reports, credit reports, various
3 military records including recommendations for meritorious service
4 medal, dissolution of marriage documents, college transcripts, POST
5 certifications, firearm certifications, and payroll data.  There
6 were no internal affairs investigation or citizen complaint
7 documents contained among the personnel records reviewed.

8    Lastly, the Court refers to attorney John R. Rozier's letter
9 to the Court of October 7, 2005, forwarding (1) Woodlake police
10 Department Memorandum from Sgt. J. Hart to Chief Zapalax dated
11 06/19/04; (2) Cassette tape labeled IA 04-03 Radio Traffic 8-31-05
12 copy; and, (3) Cassette tape labeled IA 04-03 R. Williams Statement
13 8-31-05 copy and the Court's letter of November 4, 2005, returning
14 the two (2) cassette tapes to Mr. Rozier, not reviewed by this
15 Court.

16    To the extent that item (1) was not contained in the Williams'
17 personnel files reviewed, this Memorandum is also ORDERED produced,
18 if not already done so.  Further, copies of the cassette tapes
19 referred to in (2) and (3) above are also ORDERED produced to
20 plaintiff's counsel and defendant Williams.  **More importantly**,
21 referring to Mr. Rozier's letter, there are arguably two (2)
22 additional cassette tapes in the possession of the District
23 Attorney's Office, which Office has indicated a subpoena is
24 necessary for their production of same.  It is the **ORDER** of this
25 Court that copies of those two (2) additional cassette tapes also
26 be produced forthwith.
27 //
28 /

3

1  Said documents shall be served on counsel as set forth
2 hereinabove on or before **March 31, 2006.**
3 IT IS SO ORDERED.
4 **Dated:    March 13, 2006**                    **/s/ Sandra M. Snyder**
   icido3                                         UNITED STATES MAGISTRATE JUDGE